NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Appapillai Rajendra, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 07-5988 (SRC)(MAS) |
| : | |
| v. : | OPINION AND ORDER |
| : | |
| Michael Chertoff, : | |
| : | |
| Defendant. : | |
| : | |

**SHIPP, United States Magistrate Judge**

## OPINION

This matter comes before the Court by way of Plaintiff Appapillai Rajendra's Application for Pro Bono Counsel (Pl.'s Application for Pro Bono Counsel, May 20, 2008.)

Indigent parties asserting civil rights claims have no absolute constitutional right to counsel. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court should consider, as a preliminary matter, whether the plaintiff's claim has some merit in fact and law. *Id.* at 457-58. If the court determines that the plaintiff's claim has some merit, then the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

      (5) whether the case will require the testimony of expert witnesses; and

      (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* (*citing Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)).  The list of factors identified in *Tabron* is not exhaustive, but rather serves as a "guidepost" for district courts.  *Id.* at 458.  Moreover, courts must "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Id.* (*citing Tabron*, 6 F.3d at 157).

      In this case, Plaintiff asserts that, pursuant to 42 U.S.C. § 2000(e) and 29 U.S.C. § 621, Defendants have discriminated against him based on race and age.  (*See* Docket, Doc. No. 1.) Specifically, Plaintiff claims that he was wrongfully terminated from his position as an Agriculture Quarantine Inspector and was victimized by the Agency as a retaliation for complaining about his mistreatment.  *Id.*  Furthermore, Plaintiff asserts that he was wrongfully denied a hearing by the Administrative Law Judge.  *Id.*

      Analysis of the *Tabron* factors in this case weighs in favor of denying the appointment of pro bono counsel at this time.  First, it is apparent from Plaintiff's Complaint that he is able to articulate his legal claims, as well as the facts supporting such claims.  Moreover, Plaintiff was able to adequately prepare this pro bono counsel application.  Second, Plaintiff's legal issues appear to be fairly straightforward.  Third, it is not possible to gauge whether factual investigation, such as employment records, may be necessary.  However, it does not appear that Plaintiff would have difficulty obtaining this information or other relevant evidence in this matter. Additionally, although the Court may have to make some credibility determinations, it does not appear that Plaintiff will have a need for expert testimony at this juncture.  Lastly, Plaintiff does not set forth any efforts made

2

to obtain an attorney and Plaintiff does not state any reason as to why he is unable to afford an attorney. He receives monthly social security checks and the record does not reflect that he is unable to work.

For the foregoing reasons, Plaintiff's application for appointment of counsel is denied without prejudice.

## ORDER

IT IS ON THIS 12th day of January, 2009,

ORDERED that Plaintiff Appapillai Rajendra's Application for Pro Bono Counsel is **DENIED** without prejudice.

 s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**