NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| APPAPILLA RAJENDRA, | : |
| Plaintiff, | : Civil Action No. 07-5988 (SRC) |
| ·v | : OPINION |
| MICHAEL CHERTOFF, Secretary, Department of Homeland Security, | : |
| Defendant. | : |

**CHESLER, U.S.D.J.**

This matter comes before the Court on the motion to dismiss or, in the alternative, for summary judgment by Defendant Michael Chertoff, Secretary, Department of Homeland Security ("Defendant"). For the reasons set forth below, Defendant's motion to dismiss will be granted as to the retaliation claim, and Defendant's motion for summary judgment will be granted as to the claim for employment discrimination.

**BACKGROUND**

This case arises out of a dispute over employment termination. The following facts are undisputed. On November 3, 2002, Plaintiff Appapilla Rajendra ("Plaintiff") was hired as a Plant Protection and Quarantine Officer for the United States Department of Agriculture. The hiring was subject to a one-year probationary period. While on probation, Plaintiff took and failed "New Officer Training," which he was required to pass. After failing this training, Plaintiff was terminated on October 27, 2003. Plaintiff began pursuing a claim for employment

discrimination in November of 2003. On June 22, 2005, EEOC Administrative Law Judge Lystra A. Harris issued a decision dismissing Plaintiff's claim. On September 27, 2007, the EEOC Office of Federal Operations affirmed the decision of the Administrative Law Judge. On December 17, 2007, Plaintiff filed a one-page Complaint in this Court, asserting wrongful termination and retaliation. Defendant has now moved to dismiss or, in the alternative, for summary judgment.

## ANALYSIS

**I.     Legal Standard**

   A.     Motion to dismiss under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule

2

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is

appropriate if amendment would be inequitable or futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

      B.      Motion for summary judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the

moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

**II.	Defendant's motion to dismiss**

Defendant first moves to dismiss Plaintiff's claim for retaliation, which he asserts in this single sentence in the Complaint: "I was victimized because the Agency retaliated when I complained about the mistreatment."  (Compl. at 1.)  Defendant contends that this claim must be dismissed for failure to exhaust administrative remedies.  Plaintiff makes no argument in response in his opposition.

The Third Circuit has held:

> [T]he causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits.  A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [] for conciliation or resolution.

Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting Hornsby v. United States Postal Service, 787 F.2d 87, 90 (3d. Cir. 1986)).  Plaintiff's Complaint does not assert prior submission of the retaliation claim to the EEOC and thus fails to state a valid claim for relief.  Defendant's motion to dismiss the retaliation claim will be granted and Plaintiff's retaliation claim will be dismissed.

**III.	Defendant's motion for summary judgment**

Defendant next moves for summary judgment on Plaintiff's employment discrimination claim.  Plaintiff, in opposition, filed a two-page letter brief with no supporting affidavits or documents other than a copy of the brief he submitted in support of his 2005 EEOC appeal (the "EEOC Brief").

All disparate treatment[1] claims for employment discrimination under federal law are analyzed by application of the McDonnell Douglas test:

> The Court in *McDonnell Douglas* set forth a burden-shifting scheme for discriminatory-treatment cases.  Under *McDonnell Douglas*, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action.  If the employer meets this burden, the presumption of intentional discrimination disappears, but the plaintiff can still prove disparate treatment by, for instance, offering evidence demonstrating that the employer's explanation is pretextual.  The Courts of Appeals have consistently utilized this burden-shifting approach when reviewing motions for summary judgment in disparate-treatment cases.

Raytheon Co. v. Hernandez, 540 U.S. 44, 50 (2003) (citations omitted).

If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant to "articulate some legitimate, non-discriminatory reason" for the employer's action. McDonnell Douglas, 411 U.S. 792, 802 (1973).  The employer may satisfy the burden by introducing evidence which, taken as true, would allow the factfinder to conclude that there was a nondiscriminatory reason for the unfavorable employment decision.  St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).  The employer need not prove that the tendered reason actually motivated the decision.  Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981).  The burden of proving intent remains with the Plaintiff.  Id.

If the defendant employer satisfies the burden, then "the plaintiff must 'submit evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or

---

[1] A disparate treatment case is one in which the employer treats some people less favorably than others because of their membership in a protected class.  See Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977).

determinative cause of the employer's action.'" Fakete v. Aetna, 308 F.3d 335, 338 n.3 (3d Cir. 2002). The plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow the factfinder to infer that each of the employer's proffered nondiscriminatory reasons was either a post hoc fabrication or otherwise did not actually motivate the employment action. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

At this stage, the burden has shifted back to the plaintiff, and the plaintiff must show, by a preponderance of the evidence, that the employer's explanation is pretextual. Id. "The test is whether the plaintiff ultimately persuades the factfinder that the employment decision was caused by bias" and that the real reason for the employer's adverse employment decision is discrimination. Id.

Defendant contends that Plaintiff has failed to make out a prima facie case of employment discrimination. Yet, even if Plaintiff could make out a prima facie case, Plaintiff has still failed to defeat Defendant's motion for summary judgment under McDonnell Douglas. There is no dispute that Defendant has evidence that, taken as true, would allow a factfinder to conclude that there was a nondiscriminatory reason for the unfavorable employment decision: Plaintiff was terminated because, while he was a probationary employee, he failed a course that he was required to pass. Plaintiff's EEOC Brief states this as an undisputed fact. (EEOC Brief at 1-2.)

Under McDonnell Douglas, the burden then shifts to Plaintiff to submit evidence to show that the employer's proffered nondiscriminatory reasons are pretextual. Plaintiff has failed to submit any evidence to meet this burden. Under McDonnell Douglas, Defendant's motion for summary judgment on the employment discrimination claim must be granted.

## **CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss the retaliation claim is granted, and Defendant's motion for summary judgment on the employment discrimination claim is granted (Docket Entry No. 11). Plaintiff's retaliation claim is dismissed without prejudice. As to Plaintiff's claim for employment discrimination, this Court determines that Defendant has demonstrated that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). As to the employment discrimination claim, judgment is entered in Defendant's favor.

       s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: February 10, 2009